IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON HARRIS, | § | |
| | § | No. 691, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID 1206004370 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  March 24, 2015
Decided:    June 4, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

## O R D E R

This 4th day of June 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    The defendant-appellant, Brandon Harris, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Harris' appointed postconviction counsel has filed a no-merit brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Harris filed a response to his attorney's presentation, arguing that his first trial attorney was ineffective and that he was coerced

into pleading guilty because his substitute counsel was not prepared to go to trial. The State has responded to Harris' points, as well as to the position taken by Harris' counsel, and has moved to affirm the Superior Court's judgment. We find no merit to Harris' appeal. Accordingly, we affirm.

(2)    The record reflects that Harris was arrested for shooting Taryn Ross in the abdomen on June 3, 2012. Harris made a statement to the police admitting his involvement. He was indicted on five criminal charges: Assault in the First Degree, two counts of Possession of a Firearm during the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited, and Aggravated Menacing. In October 2012, he filed a motion to suppress his statements to the police. After a hearing, the Superior Court denied the motion to suppress.

(3)    On February 19, 2013, Harris' then-attorney filed a document entitled "Motion to Allow Acceptance of Plea and to Withdraw as Counsel." In the motion, defense counsel averred that the State previously had made a plea offer to Harris, which would have allowed Harris to plead guilty to one count each of Assault in the Second Degree and PFDCF in exchange for the State's dismissal of the remaining charges and a recommendation of a four-year sentence (with a provision that defense counsel could argue for imposition of the lesser three-year minimum mandatory sentence). Defense

2

counsel stated that he had failed to inform Harris that the State had set a deadline for acceptance of the plea offer. By the time defense counsel realized his error, the deadline had passed. The State refused defense counsel's request to extend the deadline. Defense counsel asserted in his motion that, but for counsel's own ineffectiveness, Harris would have accepted the plea offer. Counsel, therefore, requested the Superior Court to allow Harris to accept the plea offer, *nunc pro tunc*, and to allow counsel to withdraw.

(4) The Superior Court granted counsel's motion to withdraw but did not take any action on the motion to allow Harris to accept the State's withdrawn plea offer. After substitute defense counsel was appointed, the State made a revised plea offer to Harris that would allow him to plead guilty to Assault in the First Degree and PFDCF in exchange for dismissal of the balance of the indictment. The minimum mandatory sentence for the two charges was five years.

(5) At a hearing held on April 29, 2013, Harris acknowledged his understanding that, by accepting the State's revised plea offer, he was waiving his right to have the Superior Court decide the pending motion to

3

allow him to accept the State's initial plea offer.[1]  After a careful colloquy, the Superior Court accepted Harris' guilty plea.  On May 31, 2013, the Superior Court sentenced Harris to a total period of twenty years at Level V incarceration, to be suspended after serving ten years in prison for decreasing levels of supervision.  Harris did not file a direct appeal.  In August 2013, Harris filed a motion for reduction of sentence, which the Superior Court denied.  Harris did not appeal that ruling.

(6)    In September 2013, Harris filed a motion for postconviction relief.  The Superior Court appointed counsel to represent him.  Harris' sole claim was that his initial trial counsel was ineffective for failing to communicate the deadline set by the State on the original plea offer.  After obtaining responses from Harris' initial trial counsel and the State, the Superior Court denied Harris' motion for postconviction relief.   The Superior Court noted that Harris' ineffective assistance of counsel claim had been raised in the "Motion to Allow Acceptance of Plea."  Rather than pursue the claim, Harris (with the assistance of substitute counsel) decided to accept the State's modified plea offer. In doing so, the Superior Court

---

[1] *See* Hearing Tr. at 18 (Apr. 29, 2013), which reflects the following:

THE COURT:  [Y]ou also understand…that your presently pending motion about [sic] to force the State to take the plea is not going to be heard by the Court?

THE DEFENDANT:  Yes.

4

held that Harris knowingly, intelligently, and voluntarily pled guilty and specifically waived his right to have the Superior Court rule on his ineffectiveness claim and pursue the relief sought in the "Motion to Allow Acceptance of Plea." Harris appeals that ruling.

(7) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(8) In considering Harris' claims of error, this Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[3] After careful consideration, we conclude that the judgment denying Harris' motion for postconviction relief should be affirmed on the basis of, and for the reasons set forth in, the Superior Court's well-reasoned decision dated November 25, 2014. The record in this case supports the Superior Court's conclusion that Harris entered his guilty plea knowingly, intelligently, and

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

voluntarily. Indeed, Harris does not even argue in this appeal that his guilty plea was defective in any way. The guilty plea transcript also reflects that Harris, by accepting the State's modified plea offer, knowingly, intelligently, and voluntarily waived his right to pursue the ineffective assistance of counsel claim that had been raised in his "Motion to Allow Acceptance of Plea." Under the circumstances, we find no abuse of the Superior Court's discretion in denying Harris' motion for postconviction relief.

(9) The Court has reviewed the record carefully and has concluded that Harris' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Harris' counsel has made a conscientious effort to examine the record and the law and has properly determined that Harris could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

6